UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-61287-Civ-BLOOM
CASE NO.: (14-60161-Cr-BLOOM)
MAGISTRATE JUDGE PATRICK A. WHITE

TIMOTHY BROWN,

     Movant,

vs.                                        REPORT OF
                                      MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

     Respondent.

_____/

## I. Introduction

This matter is before the Court on the movant's pro se motion to vacate filed pursuant to 28 U.S.C. §2255, attacking the constitutionality of his enhanced sentences as a career offender entered following a guilty plea in case no. 14-60161-Cr-Bloom. He seeks relief in light of the Supreme Court's ruling in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015). Brenda Greenberg of the Federal Public Defender's Office filed notice of attorney appearance on June 21, 2016. (Cv DE# 4).

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

No order to show cause has been issued because, on the face of the motion, it is evident the movant is entitled to no relief.

See Rule 4(b),[1] Rules Governing Section 2255 Proceedings.

Before the Court for review are the motion to vacate (Cv-DE#1), the Presentence Investigation Report ("PSI"), Statement of Reasons ("SOR"), and all pertinent portions of the underlying criminal file, including the plea agreement (Cr-DE#24).

## II.  **Claim**

Construing the §2255 motion liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 519 (1972), the movant raises as a sole ground for relief that he is entitled to resentencing based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015) ("Samuel Johnson"). (Cv-DE#1). He suggests that the residual clause of the Armed Career Criminal Act that was deemed void for vagueness in Samuel Johnson is identical to the definition of crime of violence under the guidelines. (Id.). Therefore, vacatur of his sentence as a career offender is warranted. (Id.).

## III.  **Procedural History**

The movant was charged with and pleaded guilty to possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846 (count 1). (Cr DE# 24:¶1).

After a change of plea proceeding was conducted, but before sentencing, a PSI was prepared prior to sentencing, which revealed in pertinent part, as follows. The base offense level was initially

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings, provides, in pertinent part, that "[I]f it plainly appears from the motion and any attached exhibits, and the record of prior proceeding that the movant party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party...."

set at a level 14, but because of the movant's status as a career offender, pursuant to U.S.S.G. §4B1.1, the base offense level was increased to a level 32. (PSI ¶¶21, 27). The career offender enhancement was predicated upon a 2003 Florida conviction for possession with intent to distribute cocaine base in case no. 03-CR60264 and a 2008 Florida conviction for carjacking in case no. 08024426CF10A. (PSI ¶¶27,47,48). After a 3-level reduction to the base offense level for acceptance of responsibility, the total adjusted offense level was set at a level 29. (PSI ¶¶28-30). The movant had a total of 5 criminal history points, resulting in a criminal history category III. (PSI ¶49). However, because the movant was a career offender, the criminal history category was VI. (PSI ¶49). Based upon a total offense level of 29 and a criminal history category of VI, the guideline imprisonment range was 151 to 188 months. (PSI ¶80). Statutorily, the term of imprisonment was 0 to 20 years, 21 U.S.C. § 841(b)(1)(C). (PSI ¶79).

Next, movant appeared for sentencing on **November 14, 2014.** (Cr-DE#29). The court sentenced the movant to 151 months' imprisonment followed by three years' supervised release. (Cr-DE#30). The Judgment was entered by the Clerk on **November 17, 2014.** (Cr-DE#30).

No direct appeal was prosecuted. Thus, the judgment became final on **December 1, 2014,** when the 14-day period for prosecuting a direct appeal expired.[2]

---

[2]Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011). On December 1, 2009, the time for filing a direct appeal was increased from 10 to 14 days days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). Moreover, now every day, including intermediate Saturdays, Sundays, and legal holidays are included in the computation. See Fed.R.App.P. 26(a)(1). The movant

Thus, the movant had one year from the time his conviction became final on **December 1, 2014**, or **no later than December 1, 2015**, within which to timely file this federal habeas petition. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); see also, See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)). Applying the anniversary method to this case means petitioner's limitations period expired on **December 1, 2015.**

Approximately six months elapsed from the time his conviction became final until the movant returned to this court on **May 24, 2016,** the date the motion was received by the Clerk. (Cv-DE#1).

## IV. Standard of Review

Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see Hill v. United States, 368 U.S. 424, 426-

---

was sentenced after the effective date of the amendment, thus he had fourteen days, including Saturdays and Sundays, within which to file his notice of appeal. See Fed.R.App.P. 26(a)(1)(B).

4

27 (1962). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979); <u>Hill</u>, 368 U.S. at 428.

## V.  <u>Discussion</u>

### A.  <u>Timeliness</u>

As narrated previously, the movant's conviction become final on **December 1, 2014,** but this federal proceeding was not instituted until **May 24, 2016.** <u>See</u> <u>Griffith v. Kentucky</u>, 479 U.S. 314, 321, n.6 (1986); <u>see also</u>, <u>See</u> <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008)(<u>citing</u> <u>Ferreira v. Sec'y, Dep't of Corr's</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); <u>accord</u> <u>United States v. Hurst</u>, 322 F.3d 1256, 1260-61 (10th Cir. 2003); <u>United States v. Marcello</u>, 212 F.3d 1005, 1008-09 (7th Cir. 2000)).

A one-year period of limitations applies to a motion under Section 2255. The one year period runs from the latest of:

      (1)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (2)  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by

such governmental action;

(3)  The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

As a general matter, AEDPA's one-year time limit begins running once the defendant exhausts or foregoes his opportunity to pursue direct appeal. Clay v. United States, 537 U.S. 522 (2003). Where a defendant has not filed a notice of appeal, this is fourteen days after the final judgment is entered. Fed. R. App. P. 4(b)(1)(A) (14 days after final judgment is entered to file notice of appeal).

More pertinent to this case, the movant suggests the §2255 motion is timely because it was filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...." See 28 U.S.C. §2255(f)(3). Here, he relies on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015) to restart the one-year limitations period.

As a starting point, the Court turns to the date upon which Movant's judgment of conviction became final under 28 U.S.C. §2255(f)(1). Here, the movant's conviction became final on **December**

6

**1, 2014,** when the 14-day period for prosecuting an appeal expired. Accordingly, in order for this motion to vacate to be timely, it must have been filed at the latest within a year from the time his judgment became final on **December 1, 2014.** The instant motion to vacate was filed on **May 24, 2016,** approximately **a year and six months** after the judgment of conviction became final.

Movant suggests that the one-year period commenced on **June 26, 2015,** when the Supreme Court issued its Samuel Johnson decision. Therefore, the filing of this federal petition before **June 26, 2016** makes this proceeding timely. (Cv-DE#1). Under §2255(f)(3), a §2255 motion can be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." Thus, Petitioner's motion, filed before the anniversary of the Samuel Johnson decision, would be timely if Samuel Johnson falls within the parameters of §2255(f)(3).

Thus, movant claims that the motion was timely filed, pursuant to §2255(f)(3) because the then recent Supreme Court Johnson decision triggered a new limitations period and/or he is otherwise entitled to equitable tolling of the limitations period. Movant is mistaken. The movant asserts that he was improperly sentenced as a career offender under the United States Sentencing Guidelines pursuant to Samuel Johnson v. United States, ____ U.S. ____, 135 S.Ct. 2551 (2015). Movant's reliance on Samuel Johnson is misplaced either as a way of extending the limitations period pursuant to §2255(f)(3) or as a substantive ground for relief. It is true that this motion was filed within one year of the Samuel Johnson decision.

7

It is equally true that both the Supreme Court and the Eleventh Circuit have determined that <u>Samuel Johnson</u> is retroactively applicable to cases on first time collateral review, as is the movant's situation here. First, the Eleventh Circuit Court of Appeals, in binding authority, determined that <u>Samuel Johnson</u> "appl[ies] retroactively in the first post-conviction context." <u>Mays v. United States</u>, ___ F.3d ____, 2016 WL 1211420, at *1 (11th Cir. March 29, 2016) (published). Thereafter, on **April 18, 2016**, the **Supreme Court** also made <u>Samuel Johnson</u> retroactively applicable to cases on first post-conviction collateral review. <u>See Welch v. United States</u>, 2016 WL 1551144, 578 U.S. ___ (April 18, 2016).

Even if the motion is timely under <u>Samuel Johnson</u>, the Eleventh Circuit has specifically determined that the <u>Samuel Johnson</u> decision does not apply to a career offender under U.S.S.G. §4B1.1. In <u>Samuel Johnson</u>, the United States Supreme Court held that the ACCA's residual clause[3] is unconstitutionally vague. <u>Id.</u> at 2557. The Armed Career Criminal Act increases sentences for certain offenders who have three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. §924(e)(1). The definition of "violent felony" under the Act is nearly identical to the definition of "crime of violence" under the guidelines, and both definitions contain an identical residual clause that include

---

[3]Under the ACCA the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that:

    (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)  is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another....**

18 U.S.C. §924(e) (emphasis added).

crimes that "present[] a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B); U.S.S.G. §4B1.2(a)(2).

Although the residual clause contained in the career offender enhancement is virtually identical to the ACCA's residual clause, the Eleventh Circuit has expressly rejected the argument that the advisory guidelines can be unconstitutionally vague, concluding that the vagueness doctrine applies only to laws that prohibit conduct and fix punishments, not advisory guidelines." United States v. Matchett, 802 F.3d 1185, 1189, 1193-96 (11th Cir. 2015). Therefore, the Eleventh Circuit has "squarely foreclose[d]" the movant's Johnson-based argument. United States v. Brown, 2015 WL 9301410 (11th Cir. Dec. 22, 2015). Given the foregoing, movant cannot demonstrate he is entitled to relief based on the retroactivity or applicability of Johnson. Therefore, this motion filed over one year after his judgment became final is not timely.

Notwithstanding, the Supreme Court has, just this past month, granted certiorari review to resolve a circuit split regarding whether the void for vagueness doctrine in the Samuel Johnson decision also applies to career offenders. See Beckles v. United States, Case No. 15-8544, 2016 WL 1029080 (2016). In Beckles v. United States, 616 Fed. Appx. 415, 416 (11th Cir. 2015), the Eleventh Circuit, on remand from the Supreme Court, affirmed the defendant's career offender sentence. The Eleventh Circuit in Beckles determined that the Supreme Court's decision in Johnson v. United States, __ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) did not apply to the defendant, because it does not control guideline definitions, and reiterated that their decision in United States v. Hall, 714 F.3d 1270 (11th Cir. 2013), remains good law until a decision of the Supreme Court clearly on point changes it. Id. (citing Atl. Sounding Co., Inc. v. Townsend, 496 F.3d 1282,

9

1284 (11th Cir. 2007) ("Under our prior panel precedent rule, a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is 'clearly on point.'")).

Full and careful review of the movant's motion reveals that his arguments involve claims of legal not factual innocence. Therefore, no miscarriage of justice exception entitles movant to consideration of the arguments raised herein, and this motion remains time-barred. See Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)(noting that the miscarriage of justice exception is concerned with actual as compared to legal innocence).

Movant's *pro se* status also does not excuse the timeliness of this federal motion. (Cv-DE#1). A movant's *pro se* status or ignorance of the law do not constitute "extraordinary circumstances" supporting equitable tolling.[4] See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required). See also Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000)(holding that petitioner's *pro se* status and ignorance of the law are not "rare

---

[4]It is well accepted that pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972). See also Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, the policy of liberal construction for pro se litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

and exceptional" circumstances because they are typical of those bringing §2254 claims"); Marsh v. Soares, 223 F.3d 1217 (10th Cir. 2000)(holding that federal habeas petitioner was not entitled to equitable tolling of limitations period; neither inmate's ignorance of the law, nor fact that inmate law clerk working through prison legal access program helped draft petition, excused prompt filing); Carrasco v. United States, 2011 WL 1743318, *2-3 (W.D.Tex. 2011)(finding that movant's claim that he just learned of Padilla decision did not warrant equitable tolling, although movant was incarcerated and was proceeding without counsel, because ignorance of the law does not excuse failure to timely file §2255 motion); Holloway v. Jones, 166 F.Supp.2d 1185 (E.D.Mich. 2001)("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations.").

In conclusion, Movant did not file his §2255 motion within one-year of the applicable limitations period. He has failed to show that he is entitled to be excused from the applicable limitations period for any or all the reasons provided. Thus, as currently filed, this motion is time-barred.

## B.  **Merits**

On the merits, if the Samuel Johnson decision was made applicable to career offenders, the movant's prior Florida conviction for carjacking may not support a career offender enhancement. The Undersigned does not make a determination on this issue because the timeliness issue has not been resolved.

Pursuant to the 2013 U.S. Sentencing Guidelines, a "crime of violence," was defined as "any offense under federal or state law,

11

punishable by imprisonment for a term exceeding one year, that:
1) has an element the use, attempted use, or threatened use of
physical force against the person of another; 2) is burglary of a
dwelling, arson, or extortion, involves use of explosives, or
otherwise involves conduct that presents a serious potential risk
of physical injury to another." Application Note 1 further provides
that "crime of violence" means "murder, kidnaping, aggravated
assault, forcible sex offenses, robbery, arson, extortion,
extortionate extension of credit, and burglary of a dwelling." A
defendant is a career offender if, among other things, he was at
least two prior felony convictions for either a crime of violence
or a controlled substance offense. U.S.S.G. §4B1.1(a). The residual
clause of the career offender provision of the federal guidelines
is almost identical to that found void for vagueness under the
ACCA.

The Supreme Court in Samuel Johnson did not address the career
offender provisions of the Sentencing Guidelines. The Eleventh
Circuit determined in United States v. Matchett, 802 F.3d 1185
(11th Cir. 2015), that the residual clause in U.S.S.G.
§4B1.2(a)(2)'s definition of "crime of violence" is not
unconstitutionally vague in light of Samuel Johnson because the
vagueness doctrine is inapplicable to the advisory Sentencing
Guidelines. Matchett, 802 F.3d at 1189, 1193-96. In Beckles v.
United States, 616 Fed. Appx. 415, 416 (11th Cir. 2015), the
Eleventh Circuit, on remand from the Supreme Court, also affirmed
the defendant's career offender sentence. The Eleventh Circuit in
Beckles determined that the Supreme Court's decision in Johnson v.
United States, __ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015)
**did not** apply to the defendant, because it does not control
guideline definitions, and reiterated that their decision in United
States v. Hall, 714 F.3d 1270 (11th Cir. 2013), remains good law

until a decision of the Supreme Court clearly on point changes it. Id. (citing Atl. Sounding Co., Inc. v. Townsend, 496 F.3d 1282, 1284 (11th Cir.2007) ("Under our prior panel precedent rule, a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is 'clearly on point.'"))(emphasis added).

On June 27, 2016, the Supreme Court granted certiorari to decide whether the Samuel Johnson decision also applies to career offenders. See Beckles v. United States, Case No. 15-8544, 2016 WL 1029080 (2016). In Beckles v. United States, 616 Fed. Appx. 415, 416 (11th Cir. 2015), the Eleventh Circuit, on remand from the Supreme Court, affirmed the defendant's career offender sentence. The Eleventh Circuit in Beckles determined that the Supreme Court's decision in Johnson v. United States, __ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) **did not** apply to the defendant, because it does not control guideline definitions, and reiterated that their decision in United States v. Hall, 714 F.3d 1270 (11th Cir. 2013), remains good law until a decision of the Supreme Court clearly on point changes it. Id. (citing Atl. Sounding Co., Inc. v. Townsend, 496 F.3d 1282, 1284 (11th Cir.2007) ("Under our prior panel precedent rule, a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is 'clearly on point.'"))(emphasis added).

This case also involves the movant's enhanced sentence as a career offender. If the Samuel Johnson decision is found to apply to the movant's sentence, then it may well be that this proceeding would be timely filed, having been instituted within a year of the June 26, 2015 Samuel Johnson decision. However, as previously noted, the Eleventh Circuit has expressly rejected application of the void for vagueness doctrine to the residual clause contained in

the career offender provisions of the U.S. Sentencing Guidelines. See United States v. Matchett, 802 F.3d 1185, 1189, 1193-96 (11th Cir. 2015); United States v. Brown, 2015 WL 9301410 (11th Cir. Dec. 22, 2015).

Thus, assuming that the portion of the guidelines definition of crime of violence were also void as that in Samuel Johnson, then it is possible that the movant would be entitled to vacatur of his career offender sentence if his Florida offense for carjacking fails to qualify as a violent felony under the ACCA. Therefore, by analogy, it also would not qualify as a predicate offense under the guidelines.[5] As a result, the movant would not have the required two predicate offenses to support the career offender enhancement. Therefore, he would be entitled to relief on the merits.

## C.  **Grant of Stay**

Given the Eleventh Circuit's binding precedent, while it remains the recommendation of the undersigned that the challenge to this conviction is time-barred, the court may wish to stay imposition of judgment in this matter until such time as the Supreme Court issues a decision in Beckles, supra. If this matter is not stayed, and the movant later wishes to re-assert a Samuel Johnson claim in a second or successive §2255 motion, he may well be time-barred as the anniversary of Samuel Johnson expired on June 26, 2016. Therefore, the time to apply for permission to file a successive petition on that basis would expire if this first filing is dismissed. In re Robinson, ___ F.3d ____, 2016 WL 1583616, at *2 (11th Cir. Apr. 19, 2016) (Martin, Circuit Judge, concurring in

---

[5]The Undersigned will not make a determination on the merits of this issue until it is clear that the petition is timely and the parties are afforded an opportunity to brief the issues.

judgment) (citing Dodd v. United States, 545 U.S. 353, 359 (2005)).

Under the AEDPA, the one-year limitations period for a §2255 motion, based on the Supreme Court's Samuel Johnson, decision, runs from the date of that decision—June 26, 2015—not the date on which it was declared retroactive to cases on collateral review. See 28 U.S.C. §2255(f)(3) (providing, as relevant here, that the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); Dodd, 545 U.S. at 358-59 ("[I]f this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his §2255 motion.").

The law is well settled that federal district courts have the inherent power to stay proceedings in one suit until a decision is rendered in another. See Landis v. North Am. Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); Gov't. of the Virgin Islands v. Neadle, 861 F.Supp. 1054 (M.D.Fla. 1994). Further, the parties to the two causes and the issues involved need not be identical for a court to have the power to stay a case. See Landis, 299 U.S. at 254. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-255; see also Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The district court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Where federal courts with concurrent jurisdiction are involved, there is no need to demonstrate compelling need for a stay, but merely that the stay is appropriate. Needle, 861 F.Supp. at 1056. This is true, "[E]specially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." Landis, 299 U.S. at 256. Since it is clear that the movant here is seeking review of his sentence overturned in light of the Beckles case which is currently under review by the Supreme Court. "The power to stay dual proceedings is necessary to avoid the inefficiency of duplication, the embarrassment of conflicting rulings, and the confusion of piecemeal resolutions where comprehensive results are required." Needle, 861 F.Supp. at 1055 (citing West Gulf Maritime Assn. v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir.1985)).

Therefore, the undersigned finds that a stay is appropriate in the above-styled action, as the resolution of Beckles will illuminate whether the Samuel Johnson decision will apply retroactively to career offenders. It is therefore recommended that the instant §2255 proceeding be STAYED pending the issuance of an opinion by the Supreme Court in Beckles v. United States, supra, and that the Clerk be directed to administratively CLOSE this case.

### D.  Amendment to the Guidelines

It is also worth mentioning, however, that the Sentencing Commission has adopted an amendment to the definition of "crime of violence" contained in U.S.S.G. §4B1.2(a)(2), purportedly in response to the disagreement among the Circuits with respect to the application of Johnson to the parallel provision in the Sentencing

Guidelines.[6] The proposed amendment eliminates the residual clause and revises the list of specific enumerated offenses qualifying as crimes of violence. The effective date of this proposed amendment would be August 1, 2016. If the amendment is ultimately adopted and made retroactive, the movant can then return to this court, filing a motion, pursuant to 18 U.S.C. §3582, in the respective underlying criminal cases. The undersigned, however, takes no position on whether the amendment will be made retroactively applicable.

## VI. <u>Evidentiary Hearing</u>

Movant is also not entitled to an evidentiary hearing on the limitations issue and/or the claims raised in this proceeding. Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. <u>See</u> <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473-75, 127 S.Ct. 1933, 1939-40, 127 S.Ct. 1933 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). <u>See also</u> <u>Townsend v. Sain</u>, 372 U.S. 293, 307 (1963); <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989), <u>citing</u>, <u>Guerra v. United States</u>, 588 F.2d 519, 520-21 (5th Cir. 1979)(holding that §2255 does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel, and stating: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's

---

[6]<u>See</u> United States Sentencing Commission January 8, 2016 Press Release, which can be found on-line at <u>http://www.ussc.gov/news</u>; and http://www.ussc.gov/guidelines/amendments/reader-friendly-version-amendment-crimeviolence.

allegations are affirmatively contradicted by the record.").

## VII. **Certificate of Appealability**

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2255 Proceedings, Rule 11(b), 28 U.S.C. foll. §2255.

After review of the record, Movant is not entitled to a certificate of appealability. "A certificate of appealablilty may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Movant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the §2255 motion is clearly time-barred, Movant cannot satisfy the Slack test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2255 Proceedings, Rule 11(a), 28 U.S.C. foll. §2255: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted

to this report and recommendation.

## VIII. **Recommendations**

Based on the foregoing, it is recommended that: (1) that the final judgment dismissing this motion challenging that conviction as time-barred or alternatively unlawful in light of the Samuel Johnson decision be stayed until the Supreme Court's resolution of Beckles which will decide whether the Samuel Johnson decision applies to career offenders; (2) that the Clerk be directed to administratively CLOSE this case; (3) that no certificate of appealability issue, and (4) that this case be administratively closed, with instructions to the parties to file a notice with this court within thirty days of the issuance of the Supreme Court's Beckles decision so that the matter can be reopened.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 7th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Timothy Brown
     Reg. No. 63437-104
     Estill
     Federal Correctional Institution
     Inmate Mail/Parcels
     Post Office Box 699
     Estill, SC 29918

Brenda Greenberg Bryn
Federal Public Defender's Office
One East Broward Boulevard
Suite 1100
Fort Lauderdale, FL 33301
954-356-7436
Fax: 954-356-7556
Email: Brenda_Bryn@fd.org

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov