UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61287-BLOOM/Valle

TIMOTHY BROWN,

    Plaintiff,
v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the Report and Recommendation of the Honorable Patrick A. White, United States Magistrate Judge, ECF No. [5] (the "Report"), on Plaintiff Timothy Brown's ("Plaintiff") motion to vacate, pursuant to 28 U.S.C. § 2255, ECF No. [1]. The motion, filed on June 15, 2016, challenges the constitutionality of his enhanced sentences as a career offender entered following a guilty plea in case no. 14-60161-Cr-Bloom. *See id.* Judge White was assigned the matter pursuant to Administrative Order 2003-19 for a ruling on all pre-trial, non-dispositive matters. *See* ECF No. [3]. On July 7, 2016, Judge White issued the instant Report recommending that this action be stayed pending a decision by the United States Supreme Court in *Beckles v. United States*, Case No. 15-8544, -- S. Ct. --, 2016 WL 1029080 (U.S. June 27, 2016) (granting certiorari). *See* Report at 19. Plaintiff filed no objections to the Report. In fact, on July 13, 2016, Plaintiff, now represented by counsel, filed an unopposed motion to hold the underlying motion to vacate in abeyance pending Beckles, requesting the same relief recommended by Judge White. *See* ECF No. [7]. The Court has, nonetheless, conducted a *de novo* review of Judge White's Report, the motions, and the record,

and is otherwise fully advised in the premises. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)).

In the underlying action, Mr. Brown was sentenced as a career offender based on the residual clause in U.S.S.G. § 4B1. *See* Case No. 07-CR-80149-KLR, ECF No. [35]. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that an identical residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. The holding in *Johnson* was made retroactively applicable in *Welch v. United States*, 578 U.S. --, 136 S. Ct. 1257, 1264-65 (2016), "which means that federal prisoners who can make a prima facie showing that their sentences rested, at least in part, on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion in the district court." *In re Anderson*, No. 16-14125-J, 2016 WL 3947746, at *1 (11th Cir. July 22, 2016) (citing 28 U.S.C. § 2255(h)(2)).

Nevertheless, in *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015), the Eleventh Circuit held that the advisory guidelines were not susceptible to a similar vagueness challenge. And, in *In re Griffin*, -- F.3d --, 2016 WL 3002293, at *5 (11th Cir. May 25, 2016), the Eleventh Circuit extended *Matchett*'s holding to the mandatory guidelines and held that *Johnson* did not apply retroactively in the context of the guidelines. Although numerous judges on the Eleventh Circuit have criticized these precedents, they remain binding. *See, e.g.*, *In re Sapp*, -- F.3d --, 2016 WL 3648334, at *2-7 (11th Cir. July 7, 2016) (Jordan, Rosenbaum, and Jill Pryor, JJ., concurring); *In re McCall*, -- F.3d --, 2016 WL 3382006, at *1-3 (11th Cir. June 17, 2016) (Martin, J., concurring).

On June 27, 2016, the Supreme Court granted certiorari in *Beckles* to consider the very issues presented by Mr. Brown's case. Specifically, in *Beckles*, the Supreme Court granted

certiorari to consider, *inter alia*: (1) "[w]hether *Johnson*'s constitutional holding applies to the residual clause in U.S.S.G. §4B1.2(a)(2), thereby rendering challenges to sentences under it cognizable on collateral review;" and (2) "[w]hether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. §4B1.2(a)(2)." *Beckles*, Cert. Pet. at i. Notably, the Eleventh Circuit has already recognized that the decision in *Beckles* may directly abrogate *Matchett* and *Griffin*. *See, e.g.*, *In re Wordley*, No. 16-13620, Order at 7 (11th Cir. July 12, 2016) (Martin, J., concurring) (recognizing "that the Supreme Court's decision next term in *Beckles*" may "overrule[ ] our precedent" in *Matchett* and *Griffin*); *In re Dupree*, No. 16-13793, Order at 2 (11th Cir. July 8, 2016) ("The Supreme Court recently announced that it would hear a case which could abrogate or overrule *Matchett* and *Griffin*."). Accordingly, Mr. Brown may be entitled to relief if *Beckles* is decided in his favor.

Furthermore, if this Court dismisses the instant application as foreclosed by *Matchett*, Mr. Brown "cannot file another application raising the same *Johnson* claim . . . unless and until the Supreme Court establishes in *Beckles* or some other future decision 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' at which time he can file an application raising a claim based on that new rule decision." *In re Anderson*, 2016 WL 3947746, at *3 (quoting 28 U.S.C. § 2255(h)(2)). This is because, as the Eleventh Circuit has ruled, "[c]ontrary to the dicta in *Griffin*, denials of successive applications are with prejudice. They must be with prejudice because that is what § 2244 requires. *In re Anderson*, No. 16-14125-J, 2016 WL 3947746, at *3 (11th Cir. July 22, 2016) (citing 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *id.* § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals

to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.")); *see also In re Baptiste*, -- F.3d --, 2016 WL 3752118, at *2 (11th Cir. July 13, 2016) (holding that § 2244(b)(1) precludes an application "seek[ing] leave to file a second or successive habeas motion based on a claim we rejected in a previous application seeking such leave," and that § 2244(b)(3)(E) "bar[s] us from . . . permitting a prisoner to file what amounts to a motion for reconsideration under the guise of a separate and purportedly 'new' application when the new application is the same as the old one"); Report at 14 ("If this matter is not stayed, [however,] and the movant later wishes to re-assert a *Samuel Johnson* claim in a second or successive §2255 motion, he may well be time-barred as the anniversary of *Samuel Johnson* expired on June 26, 2016.  Therefore, the time to apply for permission to file a successive petition on that basis would expire if this first filing is dismissed.").[1]

For all of these reasons, the Court finds Judge White's Report to be well-reasoned and agrees with its analysis.  That is, a stay pending the Supreme Court's decision in *Beckles* is warranted to ensure the fair administration of justice and minimize any unfair prejudice to Mr. Brown.  Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge White's Report, **ECF No. [5]**, is **ADOPTED**.

2. This case is **STAYED** pending a decision by the United States Supreme Court in *Beckles v. United States*, Case No. 15-8544, -- S. Ct. --, 2016 WL 1029080 (U.S. June 27, 2016) (granting certiorari).

---

[1] *See* 28 U.S.C. § 2255(f)(3) (imposing a one-year statute of limitations that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").  That date runs from the date the Supreme Court recognizes the new right.  *See Dodd v. United States*, 545 U.S. 343, 360 (2005).  In declaring the residual clause unconstitutionally vague, *Johnson* recognized a new right because that result was not "dictated by precedent" at the time Mr. Brown's conviction became final.  *See Howard v. United States*, 374 F.3d 1068, 1073-74 (11th Cir. 2004).

3. Any party may move for the stay imposed by this Order to be lifted.

4. The Clerk of Court is directed to **CLOSE THIS CASE FOR STATISTICAL PURPOSES**; this closure shall not affect the merits of the Plaintiff's claims.

5. Any remaining Motions are **DENIED AS MOOT**, including Plaintiff's Motion to Stay, **ECF No. [7]**, as the adopted Report recommends the relief requested therein.

**DONE AND ORDERED** in Miami, Florida, this 26th day of July, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record